MANUEL A. FRÍAS, Plaintiff and Appellee, *v.* JOSÉ and FAUSTINO BERRÍOS SÁNCHEZ, Defendants and Appellants.

No. 7961.   Argued April 24, 1939.—Decided May 4, 1939.

*F. González Fagundo* for appellants.   *Rafael Palacios Rodríguez* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

The dismissal of this appeal is prayed for on the ground that the notice of appeal was not served on the appellee; because more than six months have elapsed from the date of the appeal without having taken any steps whatsoever to further it, and because no grounds exist for the appeal.

The appellant objected. He alleges that he served the notice of appeal on one of the attorneys for appellants; that he has been working diligently on the appeal, and that the same is not frivolous nor are there grounds in the record to decide that question.

In our opinion, it is clear that the dismissal on the grounds of frivolity is not proper because the appellee has merely alleged that there are no grounds for the appeal but has not put this court in a position to decide the question raised.

Nor should the appeal be dismissed for negligence in its prosecution. The appellant has requested extensions of time

from the district court to prepare the record while the preceding one was subsistent, which extensions were granted, and he promised to pay and finally did pay the stenographer's fees, an employee who explained under oath why he had not yet transcribed his notes, promising to finish his work during the first days of this month.

Let us consider the other ground. In the motion it is alleged that the only attorney for appellee is R. Palacios Rodríguez, and that attorney Pablo Andino to whom, according to a certificate of appellant that appears in the record, the notice of appeal was served, was not the attorney, merely appearing at the trial to substitute Palacios Rodríguez.

To his objection to the dismissal, the appellant attached copy of the memorandum of costs served on him, which appears verified by Andino as one of the attorneys for appellee. Although that copy is identical to the original one filed with the record as to the amount claimed, it is not identical as to the verification for the latters to have been sworn by Palacios Rodríguez. In his objection to the dismissal the appellant calls our attention, however, to the fact that Palacios, in his verification, said that he was "one of the attorneys for plaintiff," which implied that another one existed.

Under those circumstances we think that appellant was justified in selecting Andino as one of the attorneys for appellee and in serving him with the notice of appeal, and, therefore, the dismissal should not be ordered for the alleged want of notice.

The motion is overruled.